McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-MJ-0123-BAM |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| GARRETT SCOTT WHEELEN, | |
| Defendant. | |

## I.    **STIPULATION**

1.    Plaintiff United States of America, by and through its counsel of record, and Defendant Garrett Scott Wheelen ("defendant"), by and through his respective counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and third parties.

2.    On November 4, 2020, the United States filed a Criminal Complaint charging the defendant with one count of possession of stolen mail in violation of 18 U.S.C. § 1708. ECF 1. Defendant made his initial appearance in this district on November 6, 2020, and has been detained pending trial.

3.    As part of its investigation in the above-captioned case, the United States is in possession

of documents relating to the charges against the defendant and seeks to provide those documents to counsel for the defendant.  Some of the materials may exceed the scope of the United States' discovery obligations, but will be produced to promote a prompt and just resolution or trial of the case.

4.     The United States intends to produce to the Defense Team, as defined below, materials containing personal identifying information ("PII") and other confidential information of real persons and entities associated with this case, including, among other things, personal names, addresses, phone numbers, Social Security numbers, employers, credit/debit card numbers, and bank account numbers. These real persons and entities are third parties that may be victims or witnesses in this case.

5.     The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and confidential information of others. If this information is disclosed without protective measures, or to defendant without limitation, it will risk the privacy and security of the people to whom the information relates.  The information could itself be used to further criminal activity if improperly disclosed or used.  The United States has ongoing statutory and ethical obligations to protect victims.

6.     Due to the nature of the charges and the alleged conduct in this case, PII and other confidential information make up a significant part of the discovery materials in this case and such information itself, in many instances, has evidentiary value.  The documentary evidence contains a very large quantity of privacy-protected information that would be difficult or time-consuming to redact. Further, if the government were to attempt to redact all this information, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and could inhibit prompt and just resolution of the case or preparation for trial.

7.     Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery that is unredacted, but preserves the privacy and security of third parties associated with the case.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of third parties, who may be victims or witnesses in this case, while permitting the Defense Team to understand the United States' evidence against the defendant.

8.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.        PROPOSED PROTECTIVE ORDER

### A.        Protected Materials

9.        This Order pertains to all discovery provided or made available to defense counsel in this case that contains "Personal Identifying Information" as defined below (hereafter, collectively "Protected Materials").

10.        For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes: any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) – including home addresses and personal phone numbers – or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), for anyone other than the defendant. Discovery pages not containing PII as defined herein are not materials protected by this agreement and order and may be provided to defendant as needed.

11.        To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B.        Defense Team

12.        For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

13.        For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

14.        Defense Counsel must provide a copy of this Order to all members of the Defense Team. Defense Counsel shall be responsible for advising the defendant, employees, and other members of the

Defense Team, and defense witnesses of the contents of this Stipulation and Order.  In the event that defendant substitutes counsel, undersigned Defense Counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

### C.   Disclosure of Protected Materials

15.     By signing this Stipulation and Protective Order, Defense Counsel agrees not to share any Protected Materials with anyone other than members of the Defense Team.

16.     The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant himself.

17.     The parties agree that the Defense Team may provide the defendant with copies of documents from which all PII has been redacted.

18.     Defense Counsel agrees not to share any Protected Materials with anyone other than members of the Defense Team.  Defense Counsel may permit the defendant to view unredacted Protected Materials in the presence of Defense Counsel.  The parties agree that members of the Defense Team shall not allow the defendant to copy Protected Materials.  The parties agree that Defense Counsel, defense investigators, and support staff may provide the defendant with copies of documents from which all PII has been redacted.

19.     All Protected Materials shall be used only in connection with the litigation of this case and for no other purpose.  They are now and will forever remain the property of the United States of America.

20.     The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant.  Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order.  No witness or potential witness (other than members of the Defense Team) may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

21.     This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States

1 | Attorney's Office, law enforcement agencies, the Court, and defense.

2 | 22. Defense Counsel shall advise the United States with reasonable notice of any subpoenas,

3 | document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is

4 | considering disseminating any of the Protected Materials to a third party, in order that the United States

5 | may take action to resist or comply with such demands as it may deem appropriate.

6 | **D.** **Ensuring Security of Protected Materials**

7 | 23. The Defense Team shall maintain the Protected Materials safely and securely, and shall

8 | exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing

9 | the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where

10 | visitors are not left unescorted.

11 | 24. Defense Counsel will store the discovery in a secure place and will use reasonable care to

12 | ensure that it is not disclosed to third persons in violation of this agreement.  A copy of the Protective

13 | Order must be stored with the discovery, in paper form and electronically.

14 | 25. To the extent that Protected Materials, or any copies or reproductions thereof, are stored

15 | electronically, the Protected Materials will be stored on a password-protected or encrypted storage

16 | medium, including a password-protected computer, or device.  Encryption keys must be stored securely

17 | and not written on the storage media that they unlock.

18 | 26. If a member of the Defense Team makes, or causes to be made, any further copies of any

19 | of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped

20 | or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-

21 | SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or

22 | physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked

23 | with the above notation.

24 | **E.** **Filings**

25 | 27. In the event that a party needs to file Protected Materials containing PII, or materials

26 | otherwise identified as containing confidential information of victims, witnesses, or third parties with

27 | the Court, or disclose PII in court filings, the filing should be made under seal or the material redacted to

28 | remove all PII, including information required to be redacted by Local Rules of Court.

### F.     Conclusion of Prosecution

28.     The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

29.     Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, unless the California Rules of Professional Conduct, as interpreted by the State Bar of California, require Defense Counsel to retain the material for a longer duration of time, in which case Defense Counsel will seek appropriate modification of this Order. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G.     Termination or Substitution of Counsel

30.     In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in this Protective Order.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H.     Redaction of Protected Materials

31.     Nothing in this Order shall prevent the United States Attorney's Office from redacting PII or other confidential information in any Protected Materials.

### I.     Modification of Order

32.     Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**J.      Application of Laws**

33.      Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

34.      Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.


Dated:  November 23, 2020                              MCGREGOR W. SCOTT
                                                      United States Attorney


                                                      /s/ ROBERT J. ARTUZ
                                                      ROBERT J. ARTUZ
                                                      Special Assistant U.S. Attorney


Dated:  November 23, 2020                              /s/ CHRISTINA CORCORAN
                                                      CHRISTINA CORCORAN
                                                      Counsel for Defendant
                                                      GARRETT SCOTT WHEELEN


## FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO ORDERED.

Dated:   **November 23, 2020**                         /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE