PHILLIP A. TALBERT
Acting United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:21-CR-00105-NONE-SKO |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE:    May 6, 2021<br>TIME:    9:30 AM<br>COURT:  NONE |
| GARRETT SCOTT WHEELEN | |
| Defendant. | |

## I.    **INTRODUCTION**

### A.    **Scope of Agreement.**

The Information in this case charges the defendant, GARRETT SCOTT WHEELEN, with

violations of 18 U.S.C. § 1341 – Mail Fraud (Count One); and 18 U.S.C. § 1708 – Possession of Stolen

U.S. Mail (Count Two).  This document contains the complete plea agreement between the United

States Attorney's Office for the Eastern District of California (the "government") and the defendant

regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern

District of California and cannot bind any other federal, state, or local prosecuting, administrative, or

regulatory authorities.

### B.    **Court Not a Party.**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

discretion of the Court, and the Court may take into consideration any and all facts and circumstances

1  concerning the criminal activities of defendant, including activities which may not have been charged in

2  the Information.  The Court is under no obligation to accept any recommendations made by the

3  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

4  including the statutory maximum stated in this plea agreement.

5       If the Court should impose any sentence up to the maximum established by the statute, the

6  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

7  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

8  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

9  receive.

10  ## II.    DEFENDANT'S OBLIGATIONS

11  ### A.    Guilty Plea.

12       The defendant will plead guilty to Count One, a violation of 18 U.S.C. § 1341 – Mail Fraud; and

13  Count Two, a violation of 18 U.S.C. § 1708 – Possession of Stolen U.S. Mail.  The defendant agrees that

14  he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached

15  hereto as Exhibit A are accurate.

16       The defendant agrees that this plea agreement will be filed with the Court and become a part of

17  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

18  pleas should the Court not follow the government's sentencing recommendations.

19       The defendant agrees that the statements made by him in signing this Agreement, including the

20  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

21  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

22  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

23  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

24  Agreement generally.

25  ### B.    Restitution.

26       The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

27  certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act

28  pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims

affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the indictment.  Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.      Fine.**

The parties agree that no fine is appropriate in this case.

**D.      Special Assessment.**

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.      Violation of Plea Agreement by Defendant/Withdrawal of Pleas.**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts

1  that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would

2  otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for

3  any federal criminal violation of which the government has knowledge.  The decision to pursue any or

4  all of these options is solely in the discretion of the United States Attorney's Office.

5  By signing this plea agreement, the defendant agrees to waive any objections, motions, and

6  defenses that the defendant might have to the government's decision.  Any prosecutions that are not

7  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

8  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

9  limitations between the signing of this plea agreement and the commencement of any such prosecutions.

10 The defendant agrees not to raise any objections based on the passage of time with respect to such

11 counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

12 Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

13 of the date of this plea agreement.  The determination of whether the defendant has violated the plea

14 agreement will be under a probable cause standard.

15 In addition, (1) all statements made by the defendant to the government or other designated law

16 enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

17 whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

18 administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

19 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

20 Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

21 the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

22 By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

23 **F.**     **Forfeiture.**

24 The defendant agrees to abandon and forfeit to the U.S. Postal Inspection Service voluntarily and

25 immediately all of his right, title, and interest to any and all seized items, specifically including the

26 following seized items: stolen mail, fraudulent bankcards, burglary tools, and electronic devices

27 containing personally identifiable information of third parties including smart phones, tablets, and

28 laptops.  The defendant agrees to waive his right to notice of any forfeiture proceeding involving this

1 property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

2        **G.**    **Asset Disclosure.**

3        The defendant agrees to make a full and complete disclosure of his assets and financial

4 condition, and will complete the United States Attorney's Office's "Authorization to Release

5 Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change

6 of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order

7 to that effect.  The defendant understands that if he fails to complete truthfully and provide the described

8 documentation to the United States Attorney's office within the allotted time, he will be considered in

9 violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E

10 above, above.

11           **III.**       **THE GOVERNMENT'S OBLIGATIONS**

12        **A.**    **Dismissals/Other Charges.**

13        The government agrees not to bring any other charges arising from the underlying conduct

14 outlined in the Factual Basis attached hereto as Exhibit A or additional charges based on evidence seized

15 during the federal investigation and related to the conduct outlined in the Factual Basis against

16 WHEELEN, except if this agreement is voided as set forth herein, or as provided in paragraphs II.E

17 (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B (Stipulations and Positions

18 Affecting Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

19        **B.**    **Recommendations.**

20           1.      Incarceration Range.

21        The government will recommend that the defendant be sentenced at the low end of the

22 applicable guideline range as determined by the Court.

23           2.      Acceptance of Responsibility.

24        The government will recommend a two-level reduction (if the offense level is less than

25 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if

26 the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

27 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of

28 the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.   Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Count One, a violation of 18 U.S.C. § 1341 – Mail Fraud:

> First, the defendant knowingly participated in, devised, or intended to devise, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

> Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

> Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Count Three, a violation of 18 U.S.C. § 1708 – Possession of Stolen Mail:

> First, a letter, postal card, package, bag, or mail was stolen from the mail, post office, letter box, private mail box, mail receptacle, mail route, authorized depository for mail matter, or mail carrier;

Second, the defendant possessed the letter, postal card, package, bag, mail, or an item contained therein; and

Third, the defendant knew that the possessed item was stolen.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1341 (Mail Fraud) is 20 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a special assessment of $100.  The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1708 (Possession of Stolen U.S. Mail) is 5 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a special assessment of $100.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.     Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The

defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.**     **Stipulations and Positions Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following base offense level, specific offense characteristics, and adjustments for calculating defendant's offense level:

1. Base Offense Level:  +7

2. Acceptance of Responsibility:  See paragraph III.B.2 above

3. Loss Amount:  +8 (Over $95,000 and less than $150,000 in intended loss – U.S.S.G. §2B1.1(b)(1)(E))

4. Victim-related Adjustments:  +2 (More than 10 victims – U.S.S.G. §2B1.1(b)(2)(A))

5. The offenses involved the production or trafficking of an unauthorized access device or counterfeit access device OR the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification: +2 (§2B1.1(b)(11)(B))

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's post-plea obstruction of justice (§3C1.1).  Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines.

The defendant is free to move for, and argue in support of, a variance and recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).  The government is not obligated to recommend any specific sentence.

/ / /

/ / /

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty.  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

PLEA AGREEMENT                                          9

attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C.      Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D.      Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offenses to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.      ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

PLEA AGREEMENT

## IX.     APPROVALS AND SIGNATURES

### A.     Defense Counsel.

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  April 14, 2021

_/s/ Christina M. Corcoran_
CHRISTINA CORCORAN
Attorney for Defendant

### B.     Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:  April 14, 2021

_/s/ Garrett Scott Wheelen_
GARRETT SCOTT WHEELEN
Defendant

### C.     Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated:  April 15, 2021

PHILLIP A. TALBERT
Acting United States Attorney

ROBERT J. ARTUZ
Special Assistant U.S. Attorney

EXHIBIT "A"

Factual Basis for Pleas

Beginning in August 2020 and continuing through November 5, 2020, Defendant GARRETT SCOTT WHEELEN, and others including Person 1, in the State and Eastern District of California, knowingly executed and participated in, with intent to defraud, a material scheme to defraud the State of California, and to obtain money from the State of California by means of materially false and fraudulent pretenses and representations. The purpose of the scheme was to obtain money from the State of California by submitting fraudulent Pandemic Unemployment Assistance (PUA) claims to California's Employment Development Department (EDD). PUA was a federal unemployment insurance program established by the CARES Act due to COVID-19 and administered by EDD.

WHEELEN used victim personally identifiable information (PII) and other information to complete and submit fraudulent claims to EDD, which sought PUA benefits. For example, in at least one application, he provided material information such as a name, DOB, SSN, residence address, mailing address, and employment status and history. Although the claimant PII was associated with a real person, including Victim 1, he/she did not authorize WHEELEN to make the application. In the Victim 1 application, WHEELEN also substituted his own mailing address for that of Victim 1's.

The false information reported to EDD on the UI benefit applications was used by EDD to approve and calculate the fraudulent PUA benefits ultimately paid out, and was material to EDD's decision to pay and continue to pay the PUA benefits.

For at least one of WHEELEN's fraudulent applications, which he submitted or caused to be submitted in August 2020 under the identity of Victim 1, EDD approved the claim and caused UI benefits to be later paid. Upon approval, EDD notified Bank of America, which issued an EDD debit card (ending 0111 and providing access to UI benefits) and mailed it to an address under WHEELEN's control.

Additionally, between August and November 2020, WHEELEN engaged in a scheme that involved stealing U.S. mail – from, e.g., mail trucks, mail receptacles, and mail boxes – and harvesting bankcards, financial information, checks, and mail-theft victim PII from such mail for use in fraudulent activity. For example, on or about September 4, 2020, in Fresno County, California, he was in possession of California State driver's licenses, credit cards, and checks that he had stolen from U.S. mail. At least some of this stolen mail came into his possession when he broke into and stole hundreds of pieces of U.S. mail from a U.S. Postal Service mail truck in Fresno, California, on or about August 11, 2020.

I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct and personal knowledge is concerned, I adopt it as my own true statement.

DATED:  April 14, 2021 ___          ___/s/ Garrett Scott Wheelen_____
                                         GARRETT SCOTT WHEELEN
                                         Defendant

PLEA AGREEMENT                          A-1